UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KERSEE K. ANDERSON,

     Plaintiff,

       v.                             CAUSE NO. 3:25-CV-918-HAB-ALT

L. IVERS, et al.,

     Defendants.

OPINION AND ORDER

Kersee K. Anderson, a prisoner without a lawyer, filed a complaint. ECF 1. "A

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.

Anderson alleges that, while housed in a restrictive housing unit, he experienced

episodes where he felt weak and sweaty but would feel better shortly after he had

something to eat. He had experienced these episodes before and had been diagnosed as

"borderline diabetic." ECF 1 at 3. He told Nurse Debbie about his medical issue, and she

indicated there was nothing she could do about it. When it happened again a few weeks

later, Anderson was told that he would be placed on the list to see a provider and have

his AIC checked. This was in April 2025. In September he had not yet seen a provider,[1] but he received a pass and believed he was going to get lab work done. The pass ended up being for an unrelated problem. When Anderson returned to his cell, he had another episode where he felt weak and sweaty. A correctional officer contacted the medical department, and they responded by indicating that Anderson is not diabetic. Anderson filed a grievance about his medical care. Grievance Specialist Kimberly Grandstaff did not respond to the grievance in a timely manner.

Anderson is suing HSA Ms. L. Ivers, Warden B. English, Classification Specialist K. McKinney, Classification Supervisor Tracy Worden, Nurse Ms. Debbie, and Grievance Specialist Kimberly Grandstaff for violating his Eighth Amendment right to constitutionally adequate medical care.

Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022)

---

[1] In response to Anderson's grievance, HSA L. Ivers indicated that Anderson was seen on April 1, 2025, May 14, 2025, June 24, 2025, August 24, 2025, September 9, 2025, and September 23, 2025. ECF 1-1 at 1. She also indicates that his missed appointments on April 15, 2025, and August 15, 2025. *Id.* His AIC was checked on October 2, 2025. *Id.*

(quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-98. Put another way, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Anderson alleges that Nurse Ms. Debbie responded to a request for assistance by indicating there was nothing she could do. Nothing in Anderson's complaint suggests

that Nurse Debbie's statement was not based on her medical judgment, especially where Anderson had just recently been seen by the medical department.

HSA L. Ivers did not treat Anderson's medical condition; she only responded to his grievance. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because HSA L. Ivers' only role was responding to Anderson's grievance and, by the time she responded, Anderson's AIC had been checked, there is no basis to find that she was deliberately indifferent to Anderson's serious medical needs. Likewise, Grievance Specialist Kiberly Grandstaff's only role was to process Anderson's grievance, and there is no basis for finding that she was deliberately indifferent to Anderson's serious medical needs.

Anderson is also suing Grievance Specialist Kimberly Grandstaff for preventing him from exhausting his administrative remedies by failing to respond to his grievance in a timely manner and for violating his First Amendment rights. Anderson has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Furthermore, "the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950,

4

953 (7th Cir. 2011). Anderson also claims that Grandstaff's handling of his grievances obstructed his access to the courts and amounted to retaliation in violation of his First Amendment right to access the courts. When the grievance process is made unavailable to an inmate, failure to exhaust administrative remedies will not impede the inmate from pursing his claims in court. *See Pavey v. Conley,* 544 F.3d 739, 740 (7th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2008), and *abrogated by Perttu v. Richards*, 605 U.S. 460, 145 S. Ct. 1793, 222 L. Ed. 2d 108 (2025). Therefore, he cannot proceed against Grievance Specialist Kimberly Grandstaff for the manner she handled his grievance or for denying Anderson access to the courts.

Anderson has also named Warden B. English, Classification Specialist K. McKinney, and Classification Supervisor Tracey Worden as defendants. The complaint, however, merely lists these individuals as defendants without describing what they did that violated Anderson's rights. As already explained, "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. The complaint does not contain any factual allegations from which it could be plausibly inferred that these individuals were personally involved in any violation of Anderson's rights.

This complaint does not state a claim for which relief can be granted. If Anderson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

(7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Kersee K. Anderson until **September 10, 2026**, to file an amended complaint; and

(2) CAUTIONS Kersee K. Anderson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 10, 2026.

s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

6