UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KERSEE K. ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>L. IVERS, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-918-HAB-ALT |

<u>OPINION AND ORDER</u>

Kersee K. Anderson, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Anderson alleges that, while housed in a restrictive housing unit at the Miami Correctional Facility ("MCF"), between March 4, 2025, and August 15, 2025, he experienced episodes where he felt weak, sweaty, and shaky, but he would feel better shortly after he had something to eat. He also urinated frequently. He had experienced these episodes in 2019, too, and a nurse at another facility provided him with a glucose gel.

Dr. Carl E. Kuenzi diagnosed Anderson as a "borderline diabetic." ECF 1 at 4. It is unclear when this diagnosis was made. Dr. Kuenzi prescribed Anderson a 2200 calorie diet but he did not prescribe any medication or insulin. Anderson asserts that Dr. Kuenzi left his condition "untreated." *Id.*

Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-98. Put another way, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Here, Anderson takes issue with Dr. Kuenzi's approach to treating his borderline diabetes.

> The main treatment for prediabetes is a healthy lifestyle that includes these steps:
>
> - Eat a healthy diet.
> - Lose weight if you need to.
> - Exercise regularly.
> - Stop smoking.
> - Get your blood pressure and cholesterol under control.
>
> If you're at high risk of diabetes, your doctor might also suggest you take medication such as metformin (Glucophage) to lower your blood sugar.

https://www.webmd.com/diabetes/what-is-prediabetes (last visited Oct. 28, 2026). While Anderson indicates that he has high blood pressure, nothing in his amended complaint suggests that this condition is untreated. Nothing indicates that Dr. Kuenzi's diagnosis was inaccurate either. Anderson merely disagrees with Dr. Kuenzi's approach to his elevated blood sugar levels. Because Anderson has not alleged facts from which it

can be plausibly inferred that Dr. Kuenzi failed to use his medical judgement when he prescribed a 2200 calorie diet to address his elevated blood sugar, Anderson may not proceed against Dr. Kuenzi.

On an unspecified date subsequent to Dr. Kuenzi's diagnosis, Anderson saw a nurse (Jane Doe #1) regarding his symptoms. At the time Anderson saw the nurse, he was shaking, weak, and soaked with sweat. He asked for food or glucose gel, but his request was denied. The nurse indicated there was nothing she could do for Anderson and, without checking his blood sugar, she sent him back to his unit. Giving Anderson the benefit of all plausible inferences, as the court must at this stage of the case, he has stated a claim against the nurse sued as Jane Doe #1. Normally when an inmate states a claim against an unknown defendant, the court assists the inmate in identifying that individual. However, here a review of Anderson's original complaint shows that the nurse who told him there was nothing she could do for him was Nurse Debbie. ECF 1 at 3. Therefore, the clerk will be directed to substitute Nurse Debbie for Jane Doe #1, and Anderson will be granted leave to proceed against Nurse Debbie.

Between March 4, 2025, and August 15, 2025, Anderson requested medical care multiple times, either verbally or in writing. In response, he was told that he would be scheduled to see the provider for an A1C check.[1] In September he had not yet seen a provider,[2] but he received a pass and believed he was going to get lab work done. The

---

[1] Anderson's earlier complaint indicated that this occurred on April 11, 2025 (ECF 1 at 3), although he has not provided a date in his amended complaint.

[2] In response to a grievance filed by Anderson, HSA L. Ivers indicated that Anderson was seen on April 1, 2025, May 14, 2025, June 24, 2025, August 24, 2025, September 9, 2025, and September 23, 2025.

pass ended up being for his high blood pressure. When Anderson returned to his cell, he had another episode where he felt weak and sweaty. A correctional officer contacted the medical department, and they responded by indicating that Anderson is not diabetic. Anderson continued to make health care requests, but they were ignored. Anderson then wrote to Health Services Administrator ("HSA") L. Ivers about delays in receiving medical care and about his 2200 calorie diet being discontinued. She did not respond. However, it is unclear when Anderson wrote to HSA Ivers. Anderson indicates at the beginning of his amended complaint (ECF 17 at 3) that he has now been diagnosed as diabetic, although he does not provide any information about who diagnosed that condition or when it was diagnosed. Without information about the timing of Anderson's letter to HSA Ivers and the timing of his subsequent diagnosis, it cannot be plausibly inferred that she was deliberately indifferent to his medical needs. Furthermore, Anderson indicates in the body of his amended complaint that L. Ivers is identified in his amended complaint as "Jane Doe #2." ECF 17 at 6. It is unclear why Anderson would list HSA Ivers as a Jane Doe defendant when he knows her name. Because Anderson's allegations against HSA Ivers (sued as Jane Doe #2) are too vague to state a claim, she will be dismissed.

Anderson filed at least one grievance about his medical care. Grievance Specialist Kimberly Grandstaff did not respond to the grievance in a timely manner. Anderson is suing Grandstaff for denying him access to the grievance process, which Anderson

---

ECF 1-1 at 1. She also indicates that he missed appointments on April 15, 2025, and August 15, 2025. *Id.* His AIC was checked on October 2, 2025. *Id.*

asserts violates the First Amendment. The court has already explained to Anderson (ECF 11 at 4-5) that he has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Furthermore, "the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Anderson also claims that Grandstaff's handling of his grievances obstructed his access to the courts and amounted to retaliation in violation of his First Amendment right to access the courts. This too was addressed by the court in its earlier screening order. ECF 11 at 5. When the grievance process is made unavailable to an inmate, failure to exhaust administrative remedies will not impede the inmate from pursuing his claims in court. *See Pavey v. Conley,* 544 F.3d 739, 740 (7th Cir. 2008)*, as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2008), and *abrogated by Perttu v. Richards*, 605 U.S. 460, 145 S. Ct. 1793, 222 L. Ed. 2d 108 (2025). Therefore, he cannot proceed against Grievance Specialist Kimberly Grandstaff for the manner she handled his grievance or for denying Anderson access to the courts.

Finally, Anderson has named Centurion Medical as a defendant. A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008)

(citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Anderson describes a series of encounters with Centurion staff that he found to be unsatisfactory. However, he has not alleged that his medical treatment was inadequate due to a widespread policy, custom, or practice of Centurion. Therefore, he may not proceed against Centurion.

For these reasons, the court:

(1) DIRECTS the clerk to SUBSTITUTE Nurse Debbie for Jane Doe # 1;

(2) GRANTS Kersee K. Anderson leave to proceed against Nurse Debbie in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his serious medical needs when she saw Anderson sometime between March 4, 2025, and August 15, 2025, and told him that there was nothing more she could do for him, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Dr. Carl E Kuenzi, Jane Doe # 2 (identified in the body of the amended complaint as HSA L. Ivers), Kimberly Grandstaff, and Centurion Medical;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Nurse Debbie at Centurion Health of Indiana, LLC, with a copy of this order and the amended complaint (ECF 17);

(6) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Debbie to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 29, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT